

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

April 25, 1974

The Honorable George W. McNiel
State Auditor
P. O. Box 12067
Austin, Texas 78711

Opinion No. H- 284

Re: Questions relating to
the collection of
student service fees
under § 54.503(b) of
the Education Code

Dear Mr. McNiel:

Your letter requesting our opinion opens:

"In connection with our current audits of the
State's senior colleges and universities, a question
has arisen concerning Section 54.503(b) of the Texas
Education Code. This statute provides that all com-
pulsory student services fees collected from a stu-
dent for any one semester or summer session shall
not exceed $30.00, and further stipulates that,
except for public junior colleges, all such compul-
sory student services fees charged and collected
shall be assessed in proportion to the number of
semester credit hours for which a student registers.
While the $30.00 maximum amount to be collected
for any one semester has been in effect for a number
of years, the requirement that such charge be in pro-
portion to the number of semester credit hours for
which a student registers was added recently under
provisions of House Bill No. 83, Acts of the 63rd
Legislature."

You then describe current practices of various colleges and universities
and pose these questions:

"1. At what level of semester credit hour enrollment should the maximum compulsory student services fee of $30.00, or lesser amount if so established by an institution, be attained?

"2. If the answer to question number one above hinges upon whether or not a student is classified as being enrolled on a 'full-time' basis, how many semester credit hours constitute full-time enrollment for the purpose of charging the maximum amount?

"3. For semester credit hour enrollments of less than that at which the maximum fee amount is attained, should the charged be based on a precisely equal amount per semester credit hour assessed in direct proportion to the number of semester credit hours of enrollment or is a bracketed arrangement wherein the charge is the same within a range of hours of enrollment, such as 1 through 3, 4 through 6, and so forth, acceptable?"

The exact, pertinent language of the amended statute is:

"The governing board of an institution of higher education may charge and collect from students registered at the institution fees to cover the cost of student services which the board deems necessary or desirable in carrying out the educational functions of the institution. The total of all compulsory student services fees collected from a student for any one semester or summer session

> shall not exceed $30.  All compulsory student
> services fees charged and collected under this
> section by the governing board of an institution
> of higher education, other than a public junior
> college, shall be assessed in proportion to the
> number of semester credit hours for which a
> student registers ...." (emphasis added)

We interpret the emphasized words to mean that only those students enrolled for the maximum number of semester hours normally permitted by the institution can be charged the full amount of a compulsory student services fee.  All students carrying a lesser number of hours will pay only a proportionate portion of the full fee.

A strict reading of the statute would be that the maximum of $30.00, or a lesser maximum amount if so established by the institution, can be attained at any semester credit enrollment level determined by the institution.  However, the most reasonable interpretation, in our opinion, would be that the Legislature intended the application of that maximum fee for students enrolled for the number of hours usually considered by that institution to be the maximum full time load permitted under its rules and regulations.  All students carrying a lesser number of hours will pay only a proportionate portion of the full fee based on a precisely equal amount per semester hour in direct proportion to the maximum full time load permitted.

Attorney General Letter Advisory No. 6 was concerned with § 54.503(b) prior to its amendment by the 63rd Legislature, but it is still pertinent. The focal point of the discussion there was the clause "which the board deems necessary or desirable in carrying out the educational functions of the institution." That language is still a part of the statute and it repels any notion

that the imposition of compulsory student services fees must be uniform among our institutions of higher education.  In LA-6 we said:

> "The powers of the governing boards of the
> numerous institutions of higher education are set out
> throughout the Code.  The provisions are not uniform.
> However, in most instances, they give governing
> boards general power to adopt rules and regulations
> necessary for the management of the institutions. . . .
>
> "The governing board of an institution of higher
> education, in adopting rules and regulations for its
> operation, exercises delegated legislative powers,
> and in the absence of a clear showing that it has acted
> arbitrarily or has abused the authority vested in it,
> the courts will not interfere."

In answer to your specific questions, therefore, it is our opinion there is no one "level of semester credit hour enrollment" to which the maximum compulsory student services fee of $30.00 should apply.  It will depend upon the maximum load which an institution normally permits its students to carry.  Since the above answer does not hinge on a "full time" or "part time" classification, we need not answer your second question.  And in answer to your last inquiry, we believe all calculations should be "based on a precisely equal amount per semester credit hour assessed in direct proportion to the number of semester credit hours of enrollment, " measured against the maximum semester credit hour load  normally permitted by the school.

## SUMMARY

Section 54.503(b), Education Code, V. T. C. S.,
requires that the compulsory student service fee be
charged proportionately according to the number of
semester credit hours for which a student is enrolled,

with the maximum fee (not more than $30) charged those taking the maximum number of hours normally permitted a student.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee